UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVIND RANA, A-245-886-724,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | No. 1:26-cv-2330 DC AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Also pending before the court are petitioner's request for status update and request for expedited decision. ECF Nos. 6, 7. For the reasons discussed below, the undersigned recommends petitioner's petition be granted, petitioner be immediately released, and respondent be enjoined from unlawfully re-arresting or re-detaining petitioner. In light of these findings and recommendations, petitioner's outstanding requests are denied as moot.

I. Factual Background[1]

Petitioner is a native and citizen of India who entered the United States on or about March

[1] All undisputed facts contained in the petition are deemed admitted and will be relied upon, unless the record reflects contrary facts. See ECF No. 6; Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

8, 2024. ECF No. 1 (Verified Petition) at 3, 6. On March 9, 2024, petitioner was issued a Notice to Appear and was released from custody on an Order of Release on Recognizance ("ROR"), Form I-220A, after immigration authorities determined that he was not a flight risk or a danger to the community. Id.; ECF. No. 1-2. After his release, petitioner filed a timely I-589 Application for Asylum. ECF No. 1 at 6.

On March 15, 2026, petitioner was arrested by local law enforcement on a charge of driving under the influence ("DUI") – 1st offense in 10 years. ECF No. 5 at 2; ECF No. 5-1 at 2. Petitioner does not appear to have any other criminal history. ECF No. 1 at 6. Petitioner was released from jail to Immigrations and Customs Enforcement ("ICE") custody on March 17, 2026. ECF No. 5 at 2; ECF No. 5-1 at 2. A "Warrant for Arrest of Alien," Form I-200, was issued on March 17, 2026. ECF No. 5-3.

On April 23, 2026, an immigration judge ordered petitioner removed, and petitioner appealed that decision to the Board of Immigration Appeals; the appeal remains pending. Petitioner is detained at the California City Immigration Processing Center. ECF No. 1 at 3, 6.[2]

II. Procedural History

On March 25, 2026, petitioner, through counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention. ECF No. 1. On March 30, 2026, the undersigned ordered respondents to respond to the petition and directed them to "substantively address whether there are any factual or legal issues that materially distinguish this case from Labrador-Prato v. Noem, No. 1:25-cv-1598 DC SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), Selis Tinoco v. Noem, No. 1:25-cv-1762 DC JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), and other similar cases previously decided by this court." ECF No. 4. Respondents filed

[2] The court takes judicial notice of the information provided on the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/ (last visited Oct. 8, 2026), and the information provided on the Immigration and Customs Enforcement Online Detainee locator, available at https://locator.ice.gov/odls/#/search (last visited Oct. 8, 2026). See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

an answer to the petition on April 13, 2026. ECF No. 5. Petitioner did not file a reply, and this case is deemed submitted.

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV. Discussion

A. Overview

The petition asserts that petitioner's continued mandatory detention under 8 U.S.C. § 1225 violates the Immigration and Nationality Act ("INA") because that provision of the statute does not apply to noncitizens like petitioner who previously entered the country and were apprehended within the interior. ECF No. 1 at 10-11. Petitioner further asserts that he has a fundamental liberty interest in his freedom and that his detention without a warrant and without an individualized determination as to whether he is a flight or safety risk violates his due process rights. Id. at 11. By way of relief, petitioner seeks an order requiring his immediate release, enjoining respondents from re-detaining him without providing at least seven days' notice to petitioner and a pre-deprivation bond hearing at which respondents bear the burden of proving by clear and convincing evidence that petitioner presents a flight risk or danger to the community, and such other and further relief that the court deems necessary and appropriate. Id. at 11-12.

In response, respondents acknowledge that petitioner was previously released from immigration custody but assert that this case is distinguishable from Labrador-Prato and Selis Tinoco because (1) the petitioner in Labrador-Prato did not accumulate any criminal history during his release, and (2) while the petitioner in Selis Tinoco had a DUI conviction, ICE "apparently knew" about that conviction and allowed the noncitizen to remain on release despite that conviction. ECF No. 5 at 1-2. Respondents also maintain their position that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), citing Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026), and they argue that, as an "applicant for admission," petitioner "has no liberty interest in release into the United States." Id. at 2-3. Respondents further argue that if the court grants relief, the remedy should be a bond hearing rather than immediate release because the DUI charge leading to petitioner's detention constituted a changed circumstance. Id. at 3.

B. Count One – Violation of the INA

The Ninth Circuit recently resolved the parties' dispute with respect to the governing detention statute for noncitizens like petitioner. In Rodriguez Vazquez v. Bostock, the Ninth Circuit held that "noncitizens present without admission who are apprehended in the interior of the United States"—like petitioner—"are subject to the detention regime of § 1226(a) not § 1225(b)(2)(A)." 183 F.4th 1160, 1165, 1193 (9th Cir. 2026). For the past year, this court has maintained the same. Lepe v. Andrews, 801 F. Supp. 3d 1104 (E.D. Cal. 2025); see also Selis Tinoco, 818 F. Supp. 3d at 1149-51; Alvarez Maciel v. Noem, No. 1:26-cv-1318 DC CKD, 2026 WL 496948, at *3-4 (E.D. Cal. Feb. 23, 2026). Adopting and incorporating the reasoning in those cases, the undersigned rejects respondents' argument to the contrary, finds petitioner's detention under § 1225(b)(2)(A) and resultant deprivation of a bond hearing pursuant to § 1226(a) was unlawful, and recommends that the petition be granted on petitioner's INA claim.

C. Count Two – Violation of the Fifth Amendment Due Process Clause

The Fifth Amendment Due Process Clause protects persons in the United States from being "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens,

whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001) (citations omitted). These due process rights extend to immigration proceedings, including detention and deportation proceedings. Id. at 693-94; see also Demore v. Kim, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first is to determine whether there exists a protected liberty interest under the Due Process Clause, and the second is to examine the procedures necessary to ensure that any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrs. v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972).

i. Liberty Interest

As for the first step, the undersigned finds petitioner has shown he has a protectable liberty interest. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Yovani M.D. v. Warden of the Central Valley Annex Detention Facility, No. 1:26-cv-05648 TLN AC, 2026 WL 2168402, at *3 (E.D. Cal. July 27, 2026) (quoting Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025)). "Although in some circumstances the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release]." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 482 (1972)).

It is undisputed that petitioner was released on his own recognizance in March 2024 and remained out of custody within the United States until his re-detention in March 2026. By permitting petitioner to remain at liberty for over two years, the government enabled petitioner to develop a protected liberty interest in his continued release and form "enduring attachments of normal life." See Morrissey, 408 U.S. at 402. Therefore, petitioner's original release and time out of custody gave rise to a constitutionally protected liberty interest.

ii. Procedures Required

Having determined that a liberty interest exists, the court must examine what process is due. See Kentucky Dep't of Corrs., 490 U.S. at 460 (the court "first asks whether there exists a liberty or property interest which has been interfered with" and then "examines whether the procedures attendant upon that deprivation were constitutionally sufficient"). To determine what process is due, the court considers three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Mathews v. Eldridge, 424 U.S. 319, 335 (1976). Due process rights in the immigration context "must account for the government's countervailing interests in immigration enforcement." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022).

With respect to the first Mathews factor, petitioner has a strong private interest in remaining free from detention. See Zadvydas, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."). Petitioner was released after an encounter with immigration authorities in 2024, and he remained out of custody for two years prior to his re-detention. ECF No. 1 at 3, 6. Petitioner's release was necessarily premised upon a finding that, at the time of his release, he was not dangerous or a flight risk. See 8 C.F.R. § 1236.1(c)(8) ("Any officer authorized to issue a warrant of arrest may, in the officer's discretion, release an alien not described in [8 U.S.C. § 1226](c)(1), under the conditions at section [8 U.S.C. § 1226](a)(2) and (3) of the Act; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding."). While on release, petitioner pursued his application for asylum with U.S. Citizenship and Immigration Services. ECF No. 1 at 6. This factor therefore weighs in petitioner's favor.

The second factor, the risk of erroneous deprivation, also weighs in petitioner's favor.

Considering that petitioner has been detained for over six months without being provided a bond hearing, the risk of erroneous deprivation is high. See A.E. v. Andrews, No. 25-cv-0107 KES SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025) ("The risk of an erroneous deprivation of [a petitioner's] interest is high where [h]e has not received any bond or custody redetermination hearing[.]" (alterations in original) (citation and internal quotation marks omitted)); R.D.T.M. v. Wofford, No. 1:25-cv-01141 KES SKO, 2025 WL 2617255, at *6 (E.D. Cal. Sept 9, 2025) ("Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community." (alteration in original) (citations omitted)).

While respondents attempt to distinguish the court's prior cases by pointing to petitioner's DUI arrest, respondents do not argue that petitioner is a flight risk or danger to public safety, and, importantly, no neutral arbiter has made such a determination. Nor do respondents point to any reason why a pre-deprivation hearing could not have been held, and they provide no evidence of "urgent concerns," warranting petitioner's re-detention without a hearing, thus, "a pre-deprivation hearing is required to satisfy due process." Guillermo M.R. v. Kaiser, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025). It is not this court's role to determine whether petitioner is a danger or flight risk, and, while a neutral decisionmaker *could* make such a determination at a properly noticed hearing, the failure to provide such a hearing in over six months of custody presents a serious risk that petitioner has been erroneously deprived of his liberty interest. Moreover, without any procedural safeguards to determine whether his re-detention was justifiable, the probative value of additional procedural safeguards is high.

Finally, while the government has an interest in enforcing its immigration laws, the government's interest in detaining petitioner without a hearing is low, and the effort and cost required to provide petitioner with procedural safeguards are minimal. See Garcia v. Andrews, No. 2:25-CV-01884 TLN SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Detention hearings are routine procedures in immigration proceedings that impose minimal cost and effort to the government. See Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).

For these reasons, the undersigned finds that the government's interest in detaining

petitioner without a hearing is low and does not outweigh petitioner's substantial liberty interest or the high risk of erroneous deprivation of liberty. Respondents were required to provide petitioner with a pre-deprivation hearing prior to revoking his release, and their failure to do so violated his due process rights. See, e.g., Singh v. Blanche, No. 1:26-cv -07902 DAD AC, 2026 WL 3028148 (E.D. Cal. Oct. 8, 2026) (concluding that "petitioner's re-detention without a *pre*-detention hearing violates due process because petitioner obtained a liberty interest in his continued freedom when immigration officials previously released him").

D. Remedy

Because petitioner has been detained for over six months without the procedure due to him under 8 U.S.C. § 1226(a), despite being arrested on a warrant under § 236 of the INA, the appropriate remedy for the statutory violation is to release him from unlawful custody. See, e.g., Dinesh S. v. Chestnut, No. 1:26-cv-01717 TLN EFB, 2026 WL 1028016, at *2 (E.D. Cal. April 16, 2026) (finding that "[i]t has been clear since ICE arrested Petitioner on a warrant pursuant to § 236 of the INA that the Government's authority for his detention derives from § 1226(a), not § 1225(b)(2)" and, given the government's lengthy deprivation "of the process owed him under that statute" . . . "the Court declines to allow the Government to use § 1226(a) for its detention authority but not its protections"); Mayen v. Warden, California City Detention Center, No. 1:26-cv-2354 DAD AC, 2026 WL 1067525 (E.D. Cal. Apr. 20, 2026), report and recommendations adopted, 2026 WL 1158217 (Apr. 29, 2026) (recommending release and an injunction against unlawful re-detention based on a finding that petitioner was detained in violation of the INA).

The undersigned further finds that the remedy for the constitutional violation in this case is petitioner's immediate release from immigration detention. Ordering a post-deprivation hearing under these circumstances would render the due process right to a *pre*-deprivation hearing meaningless. See Castillo Ramirez v. Chestnut, No. 1:26-cv-06319 DAD JDP, 2026 WL 2391376 (E.D. Cal. Aug. 17, 2026) (citing Quijay Garcia v. Mattos, 2026 WL 1972386, at *5-8 (D. Nev. Jul. 8, 2026) ("a post-deprivation bond hearing before an IJ is structurally inadequate to cure the risk of erroneous deprivation created by the lack of pre-deprivation process under the

government's current procedures")); Zurita Navarro v. Warden, No. 1:26-cv-05661 DAD SCR, 2026 WL 2294963 (E.D. Cal. Aug. 9, 2026) (ordering release for a noncitizen who was encountered by immigration authorities following his arrest by local law enforcement and was not provided pre-deprivation 1226(a) procedures); Mendoza v. Adelanto ICE Processing Center Warden, No. 5:26-cv-02144, 2026 WL 1480247, at *4 (C.D. Cal. May 22, 2026) ("[A]llowing the government to 'cure' such a violation by providing a post-detention hearing would effectively render any holding that a pre-detention hearing is required meaningless. The government could always wait until a habeas petition is filed and then offer to hold a hearing."); Martinez Lopez v. Dep't of Homeland Sec. et al., No. 25-cv-03607, 2026 WL 1365980, at *7 (C.D. Cal. Apr. 23, 2026) ("a post-detention bond hearing would offer little more than cold comfort to Petitioner, whose erroneous deprivation of liberty, along with the concomitant damage to his mental health and impact on his family, has already taken place") (citation modified). While petitioner's DUI arrest could constitute a materially changed circumstance "that would warrant detention . . . due process requires that assertion be tested at a hearing that meets constitutional requirements." Ortega v. Noem, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914, at *2 (E.D. Cal. Dec. 8, 2025).

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's request for status update (ECF No. 6) and request for an expedited decision (ECF No. 7) are DENIED as moot.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:
    a. Respondents shall IMMEDIATELY RELEASE petitioner ARVIND RANA, A-245-886-724, under the same conditions to which he was subject immediately prior to his re-detention. At the time of release, respondents must return all of petitioner's documents and possessions.
    b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.
    c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner

unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

2. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

3. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his re-detention.

4. The Clerk of the Court is directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 9, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE